UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| NAINIA POURIA,<br><br>             Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>             Defendant. | ) ED CV 11-1891-SH<br>)<br>) MEMORANDUM DECISION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I. PROCEEDINGS

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings (Plaintiff's Motion for Summary Judgment for Remand or Reversal;

Defendant's Brief; Plaintiff's Reply to Defendant's Motion for Summary Judgment), and Defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## II. DISCUSSION

On February 27, 2009, Plaintiff filed an application for SSI alleging disability beginning January 1, 2003 due to severe bi-polar disorder and depression. (AR 18, 67) At the January 25, 2011 hearing, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled, as defined in the Social Security Act. (AR 24) On November 1, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (AR 1-3)

Following the Appeals Council's denial of Plaintiff's request for a review of the hearing decision, Plaintiff filed an action in this Court. Plaintiff makes two challenges to the ALJ's decision denying benefits. Plaintiff alleges that the ALJ erred (1) in determining that Plaintiff's limitation to "simple one- to two-step tasks" (AR 235) allowed her to perform jobs in the national economy with a General Education Development ("GED") Reasoning Level Two based on the vocational expert's ("VE") testimony; and (2) in finding that the degree to which Plaintiff reported for symptoms and difficulties of her impairment, was excessive.

For the reasons discussed below, the Court concludes that the decision of the Commissioner should be reversed and remanded. Because this decision is based on the analysis of Plaintiff's first contention only, there is no need to address the second contention.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ improperly determined that she could perform the jobs of hand packager and small parts assembler. Defendant argues that the ALJ properly found that Plaintiff could perform such jobs.

In his Mental Residual Functional Capacity Assessment of Plaintiff, state

agency physician K. Loomis, M.D. stated that Plaintiff was "capable of understanding, remembering and carrying out simple one to two step tasks." (AR 235) At Plaintiff's hearing, the VE testified that an individual with Plaintiff's limitations, age, education, and work experience could perform the job of hand packager and small parts assembler. (AR 62) As stated by the VE, the Dictionary of Occupational Titles ("DOT") designates that both of these jobs require the ability to function at Reasoning Level Two. (Id.) In its decision, the ALJ found that because Plaintiff was able to perform the requirements of these jobs, she was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (AR 24). Thus, the ALJ determined that Plaintiff was not disabled. (Id.)

Plaintiff argues that the VE's testimony was not complete enough to determine whether she is disabled or not because she is limited to jobs requiring the ability to function at Reasoning Level One. The DOT defines GED Reasoning Level One as being able to "apply commonsense understanding to carry out simple one- or two-step instructions." (Dictionary of Occupational Titles, Appendix C 1991 WL 688702) The DOT defines GED Reasoning Level Two as being able to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." (Id.)

Plaintiff claims that based on Dr. Loomis' assessment, she actually could not perform the jobs that the VE testified that she could. Because no explanation was provided by the VE or ALJ for the inconsistency between the testimony and the DOT, Plaintiff argues that the VE's testimony is incomplete and the Commission has not met its burden of establishing that Plaintiff could perform other jobs that exist in substantial numbers in the national economy.

Plaintiff asserts that the weight of authority supports finding that a limitation to one- or two-step instructions is a limitation to Reasoning Level One occupations. Hamlett v. Astrue, 2012 WL 469722, *4 (C.D. Cal. Feb. 14, 2012) (holding that a

1  limitation of two steps of instruction corresponds to Reasoning Level One); <u>Grigsby
2  v. Astrue</u>, EDCV 08-1413 AJW, 2010 WL 309013, *2 (C.D. Cal. Jan. 22, 2010)
3  (holding that a limitation to one- or two-step instructions corresponds to the
4  definition of DOT Reasoning Level One); <u>Murphy v. Astrue</u>, 2011 WL 124723, at
5  *7 (C.D. Ca. Jan. 13, 2011) (holding that when an ALJ fails to address a one- or
6  two-step instruction limitation, its analysis of the fifth step in the Social Security
7  Administration's evaluation process is not supported by substantial evidence and is
8  not free of legal error).

9  Defendant argues that there is no clear restriction to Reasoning Level One
10 occupations simply because the RFC uses the language "one to two step tasks."
11 Defendant asserts that there is authority that does not support using parallels
12 between definitions from Social Security regulations and DOT descriptions to match
13 up terminology. <u>Meisel v. Barnhart</u>, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005);
14 <u>Bordbar v. Astrue</u>, 2011 WL 486540, *3 (C.D. Cal. 2011).

15 In <u>Bordbar</u>, the plaintiff received a limitation for one- or two-step instructions
16 in his RFC. <u>Id.</u> at *2. The court determined that the RFC did not restrict the
17 plaintiff to Reasoning Level One jobs only. <u>Id.</u> at *3. However, the plaintiff was
18 also found capable of performing "detailed and complex" instructions, indicative of
19 Reasoning Level 2, as well as having no limitations in performing activities of daily
20 living. <u>Id.</u> at *3. Thus, the ALJ in <u>Bordbar</u> had additional evidence supporting a
21 finding that the plaintiff could perform jobs at a higher reasoning level despite a
22 limitation to one- or two-step instructions.

23 This Court is persuaded by Plaintiff's arguments. Unlike <u>Bordbar</u>, neither the
24 VE nor the ALJ presented any persuasive evidence to support Plaintiff's ability to
25 perform Reasoning Level Two work or higher. Because a limitation to one- or two-
26 step tasks corresponds to Reasoning Level One, without any evidence presented
27 supporting a deviation, and without consideration of whether there are Reasoning
28 Level One jobs in significant numbers in the national economy Plaintiff could

perform, the ALJ did not fully determine whether Plaintiff has been under a disability. See Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (holding that there may only be a deviation from DOT classifications where the record contains persuasive evidence to support it); Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: June 1, 2012

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE